UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Kevin Pate, *on behalf of himself and others similarly situated*, | ) | Case No: |
| | ) | |
| | ) | CLASS ACTION COMPLAINT |
| Plaintiff, | ) | |
| | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| Dufresne Spencer Group, LLC d/b/a Ashley Furniture HomeStore, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**Nature of this Action**

1.      Kevin Pate ("Plaintiff") brings this class action against Dufresne Spencer Group, LLC d/b/a Ashley Furniture HomeStore ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.      Defendant routinely violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency calls, in connection with which it used an artificial or prerecorded voice, to telephone numbers assigned to a cellular telephone service, without prior express consent.

3.      More specifically, Defendant routinely delivered artificial or prerecorded voice messages to cellular telephone numbers after having been informed that the users of, or subscribers to, the cellular telephone numbers did not wish to receive calls from Defendant.

**Jurisdiction and Venue**

4.      This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

5.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as Defendant conducts business in this district, and as a substantial portion of the events giving rise to this action

occurred in this district.

6.      In particular, Defendant directed artificial or prerecorded voice messages to Plaintiff's cellular telephone in this district, and Plaintiff received Defendant's artificial or prerecorded voice messages in this district.

### Parties

7.      Plaintiff is a natural person who at all relevant times resided in Houston, Texas.

8.      Defendant is an entity headquartered in Memphis, Tennessee.

9.      Defendant has a retail location in Houston, Texas.

### Factual Allegations

10.      In December 2019, Plaintiff purchased a chair from Defendant.

11.      In January 2020, Defendant delivered the chair to Plaintiff.

12.      Plaintiff subsequently made Defendant aware of a defect in the chair's seat cushion.

13.      Defendant then replaced the seat cushion.

14.      The replacement seat cushion, however, also suffered from a defect.

15.      And Plaintiff made Defendant aware of the defect in the replacement seat cushion.

16.      Defendant then offered to replace the entire chair.

17.      Defendant relatedly informed Plaintiff that he could keep the defective chair.

18.      Thereafter, Defendant began to place calls, in connection with which it used an artificial or prerecorded voice, to Plaintiff's cellular telephone number—(281) 728-XXXX.

19.      Plaintiff is, and at all relevant times was, the regular and sole user of his cellular telephone number.

20.      The purpose of Defendant's calls to Plaintiff's cellular telephone number was to coordinate a time to pick up the defective chair, which Defendant informed Plaintiff he could keep.

21.     In turn, Plaintiff informed Defendant that he did not wish to receive calls from Defendant, and instructed Defendant that it should stop placing calls to his cellular telephone number.

22.     More particularly, on at least one occasion Plaintiff followed instructions included in an artificial or prerecorded voice message that Defendant delivered to Plaintiff's cellular telephone, spoke to one of Defendant's representatives, informed the representative that he did not wish to receive calls from Defendant, and instructed the representative that Defendant should stop placing calls to his cellular telephone number.

23.     As well, on at least one occasion Plaintiff placed a call to Defendant, spoke to one of Defendant's representatives, informed the representative that he did not wish to receive calls from Defendant, and instructed the representative that Defendant should stop placing calls to his cellular telephone number.

24.     No matter, Defendant continued to place calls, in connection with which it used an artificial or prerecorded voice, to Plaintiff's cellular telephone number.

25.     From November 2020 through January 2021 alone, Defendant placed over 75 calls to telephone number (281) 728-XXXX.

26.     And from November 2020 through January 2021 alone, Defendant delivered over 30 artificial or prerecorded voice messages to the voicemail associated with telephone number (281) 728-XXXX.

27.     Plaintiff listened to the artificial or prerecorded voice messages Defendant delivered to the voicemail associated with telephone number (281) 728-XXXX.

28.     On February 2, 2021—only after Plaintiff hired an attorney to relay a cease and desist request to Defendant—one of Defendant's representatives wrote to Plaintiff's attorney:

I have instructed the [sic] our agents and representative [sic] to immediately cease all communication with your clients. My understanding is the calls they are receiving are with respect to picking up the chair which they were advised they could keep. Would you please confirm that these are the calls you are referencing.

29.     Plaintiff did not provide Defendant consent to place calls to his cellular telephone number by using an automatic telephone dialing system.

30.     Plaintiff did not provide Defendant consent to place calls, in connection with which it used an artificial or prerecorded voice, to his cellular telephone number.

31.     If Plaintiff did provide Defendant prior express consent to place calls, in connection with which Defendant used an artificial or prerecorded voice, to his cellular telephone number, Plaintiff revoked such consent when he informed Defendant that he did not wish to receive calls from Defendant, and when he instructed Defendant that it should stop placing calls to his cellular telephone number.

32.     Defendant placed its calls, in connection with which Defendant used an artificial or prerecorded voice, to Plaintiff's cellular telephone number for non-emergency purposes.

33.     Defendant placed its calls, in connection with which Defendant used an artificial or prerecorded voice, to Plaintiff's cellular telephone number voluntarily.

34.     Defendant placed its calls, in connection with which Defendant used an artificial or prerecorded voice, to Plaintiff's cellular telephone number under its own free will.

35.     Defendant had knowledge that it was using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number.

36.     Plaintiff suffered actual harm as a result of Defendant's calls in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

37.     Upon information and good faith belief, Defendant, as a matter of pattern and practice, placed calls, in connection with which it used an artificial or prerecorded voice, after being instructed not to do so, to telephone numbers assigned to a cellular telephone service.

### Class Action Allegations

38.     Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons and entities throughout the United States (1) to whom Dufresne Spencer Group, LLC d/b/a Ashley Furniture HomeStore placed, or caused to be placed, a call directed to a number assigned to a cellular telephone service, (2) in connection with which Dufresne Spencer Group, LLC d/b/a Ashley Furniture HomeStore used an artificial or prerecorded voice, (3) after the called party informed Dufresne Spencer Group, LLC d/b/a Ashley Furniture HomeStore that he or she did not wish to receive calls at the cellular telephone number, or after the called party instructed Dufresne Spencer Group, LLC d/b/a Ashley Furniture HomeStore to stop placing calls to the telephone number, (4) from four years preceding the date of this class action complaint through the date of class certification.

39.     Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

40.     Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

41.     The exact number of class members is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

42.     The class is ascertainable because it is defined by reference to objective criteria.

43.     In addition, the members of the class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

44.     Plaintiff's claims are typical of the claims of the members of the class.

45.     As it did for all members of the class, Defendant used an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number.

46.     Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

47.     Plaintiff's claims are based on the same theories as the claims of the members of the class.

48.     Plaintiff suffered the same injuries as the members of the class.

49.     Plaintiff will fairly and adequately protect the interests of the members of the class.

50.     Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

51.     Plaintiff will vigorously pursue the claims of the members of the class.

52.     Plaintiff has retained counsel experienced and competent in class action litigation.

53.     Plaintiff's counsel will vigorously pursue this matter.

54.     Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

55.     The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

56.     Issues of law and fact common to all members of the class are:

    a.   Defendant's violations of the TCPA;

    b.   Defendant's use of an artificial or prerecorded voice,

    c.   Defendant's conduct, pattern, and practice as it pertains to delivering artificial or prerecorded voice messages to cellular telephone numbers after having been instructed not to do so; and

     d.   The availability of statutory penalties.

57.    A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

58.    If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

59.    The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

60.    The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

61.    These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

62.    The damages suffered by individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

63.    The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

64.    There will be little difficulty in the management of this action as a class action.

65.    Defendant has acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

## Count I—Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

66.　Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-65.

67.　Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, and the cellular telephone numbers of the members of the class, without consent.

68.　As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff, and the members of the class, are entitled to damages in an amount to be proven at trial.

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as counsel for the class under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the class, by using an artificial or prerecorded voice;

f) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(b)(3);

h)   Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i)   Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j)   Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: January 31, 2022

*/s/ Aaron D. Radbil*
Aaron D. Radbil
Alexander D. Kruzyk
Greenwald Davidson Radbil PLLC
400 Congress Ave., Ste. 1540
Austin, TX 78701
(561) 826-5477
aradbil@gdrlawfirm.com
akruzyk@gdrlawfirm.com

Austin B. Whitten
Pittman Dutton Hellums Bradley & Mann PC
2001 Park Place North, #1100
Birmingham, AL 35203
(205) 322-8880
austinw@pittmandutton.com

*Counsel for Plaintiff and the proposed class*